## HENRY LETTERMAN v. STATE.

No. A-7500.   Opinion Filed Sept. 6, 1930.
(291 Pac. 150.)

J. G. Harley, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was charged by information with having possession of a compound mixture of mash, wort, and wash, commonly known as whisky mash or whisky beer, fit for distillation, and for the manufacture of intoxicating liquor; was tried and convicted and sentenced to pay a fine of $100 and be confined in the county jail for a term of 30 days.   From which judgment the defendant has appealed.

The testimony on behalf of the state, in substance, is as follows:   E. A. Kelly stated:   "I am sheriff of McIn-

tosh county; I know Henry Letterman, have known him for two or three years; I was out to his place on the 26th day of February, 1928; Mr. High, chief of police, went with me; we searched the defendant's premises; I had a search warrant; Mr. Waddle made affidavit for the search warrant." Witness was then asked to tell what he found on the premises of the defendant, and the defendant interposed an objection. The jury was then excused from the courtroom, and testimony was taken before the court on the defendant's objection and motion to suppress the testimony. Before the question on the search warrant was concluded, the county attorney stated to the court that the search warrant was insufficient and that all the testimony secured by reason of the search warrant should be excluded from the jury. The county attorney stating: "I will have to stand on the place where Mr. Kelly found the beer, the description in the search warrant is inaccurate and it makes it invalid." The defendant then asked permission of the court to ask the witness Kelly a question, which was granted, and the witness was asked the following question: "Mr. Kelly, if you had not had this search warrant, you would not have discovered this beer would you?" Objection was made by the county attorney, and the court ordered the witness to answer the question. The question was answered, "No, sir." The defendant then objected to any further testimony, which objection was overruled. The court then stated that it would exclude all evidence of anything that might be testified to as to what was found in the residence or on the curtilage of the residence. The witness was then asked to state what he found outside the residence or yard, or curtilage of the defendant, and answered they found one barrel of whisky beer about 50 yards east of the house buried in the ground. It was whisky beer, or beer ordinarily used in manufacturing whisky.

On cross-examination the witness stated: "I tasted the beer; it was regular mash with dried apricots; I suppose he was making apricot brandy; I think it was in a state of fermentation. It showed fermentation to the extent that it was beer, it had more the odor of beer that it had apricot; I don't remember that I put any of it in a jar and brought it in. I tasted it in the barrel." At the close of the witness' testimony the defendant moved to suppress the same on the ground that it was illegally secured, which motion was overruled, and the defendant excepted.

A. B. High was called as a witness and testified in substance as did the witness Kelly, but stated he did not taste the contents found in the barrel. He said the barrel was about 50 yards from the defendant's home; there was no fence between the defendant's house and where the barrel was found; "we happened to find this beer by following the tracks that led to it from the home of the defendant."

On cross-examination the witness stated they found the beer by reason of following the tracks from the house to where it was. The testimony shows that the officers, under a search warrant admitted to be invalid by the state, had searched the home and outbuildings of the defendant, and a barrel of mash was found as near the curtilage as the garden, corrals, and barn. The officers further stated that they would not have found the barrel of mash had it not have been for the search warrant which they had, and under which they searched the home and curtilage of the defendant.

The defendant has assigned several errors alleged to have been committed in the trial of his case. In his seventh and eighth assignments the defendant complains that

the court erred in the refusing to strike all the state's evidence from the jury at the conclusion of the state's case, as it was incompetent, having been unlawfully secured. The eighth assignment is that the court erred in refusing to sustain the demurrer of the defendant to the evidence at the conclusion of the state's case.

The defendant also complains that the verdict returned against him is not sustained by competent and lawful evidence. The testimony of the state showing that the officers found a barrel of mash was brought out by the county attorney after the court had advised the jury not to consider any testimony secured by reason of the void warrant, in the house or the yard, or on the curtilage of the defendant. Without this testimony to show the tracks they claim they saw going from the yard or curtilage toward where the barrel of mash was found, there is not a single circumstance tending to connect the defendant with the barrel of mash found, and the officers admit they would not have found any evidence of the barrel of mash had it not been they were on the premises searching the house and curtilage and saw the tracks going from the curtilage into the field. We hold this testimony leading to the finding of the barrel of mash was unlawfully secured and inadmissible in this case, and that the testimony was secured by reason of an unlawful search and seizure.

There being no competent testimony to sustain the conviction, the judgment is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.